UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ANTWAUN MAURICE WINBUSH,**

    Movant,

                                                Civil Action No. 2:13-24112
v.                                    (Criminal No. 2:10-00200)

**UNITED STATES OF AMERICA,**

    Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the movant's motion pursuant to 28 U.S.C. § 2255, filed on October 1, 2013, his amendment thereto filed on June 10, 2016, with an accompanying affidavit, and an additional affidavit filed on June 13, 2016.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.  The PF&R was filed on August 12, 2016.

I.

On May 24, 2011, the defendant pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), a Class C felony punishable by a term of imprisonment of not more than twenty years. He was sentenced on September 12, 2011, to a 151-month term of imprisonment, to be followed by a three-year term of supervised release. He appealed his conviction and sentence. On June 7, 2012, the appeal of his conviction was affirmed and, by virtue of his plea agreement waiver, the appeal of his sentence was dismissed by the United States Court of Appeals for the Fourth Circuit. The Judgment became final after defendant's petition for certiorari in the United States Supreme Court was denied on October 1, 2012.

On August 12, 2016, the magistrate judge entered his PF&R addressing the substance of each of movant's grounds for relief. Finding each of those grounds to lack merit, the magistrate judge recommended that the section 2255 motion be denied. On August 25, 2016, movant objected on <u>Apprendi</u> grounds and his continuing claim of ineffective assistance of counsel.

Movant argues that, inasmuch as he was sentenced as a career offender, his sentence was in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  The holding in <u>Apprendi</u> provides that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  Inasmuch as the defendant's 151-month term of imprisonment did not exceed the 20-year maximum penalty, the defendant's objection based on <u>Apprendi</u> is not meritorious.  In addition, movant agreed in his plea agreement to waive his right to challenge his sentence under Section 2255, except as to ineffective assistance of counsel.  The magistrate judge aptly found that movant's appellate waiver was knowing and intelligent.

With respect to the claim of ineffective assistance of counsel, after a thorough analysis of the plea colloquy, the magistrate judge found that movant's allegation that his plea was entered into unknowingly or involuntarily due to counsel's failure to adequately explain his sentencing exposure is without merit.  In his objections, movant continues to contend that his counsel was constitutionally deficient and that his guilty plea

3

was illegal because his counsel led him to believe that he would not be charged as a career offender.

In his PF&R, the magistrate judge concluded that the movant's two prior felony controlled substance convictions were properly considered by the district court for career offender purposes, that is, his 2003 conviction for Trafficking in Crack Cocaine and his 2003 conviction for Illegal Conveyance of Drugs on to the Grounds of a Detention Facility (hereinafter "conveyance conviction"). In his § 2255 petition, the movant challenges the use of his illegal conveyance conviction as a predicate for career offender purposes, arguing quite correctly that it does not qualify as a prior felony controlled substance offense because it is a mere possession offense. USSG § 4B1.2(b) defines the term "controlled substance offense" as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Inasmuch as the term "controlled substance offense" for career offender purposes does not include a mere possession offense, the court finds that the movant's prior felony controlled substance "conveyance conviction" does not qualify as a prior conviction under the career offender guideline at USSG § 4B1.1. However, for the reasons set forth below, the defendant's prior Ohio conviction for "Robbery without Specification" does qualify as a violent felony and the defendant remains subject to the career offender guideline.

On October 11, 2016, movant filed his "Motion to leave to File a Second and Successive 28 U.S.C. 2255(H)(2)," wherein he seeks relief from career offender status based on <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act. Although movant misdirects his <u>Johnson</u> argument to the controlled substance convictions, the court will treat it as relating instead to his Ohio conviction for robbery.

II.

Pursuant to the court's order of November 4, 2016, the government filed on November 29, 2016, its Response of the United States in Opposition to Movant's Motion to Correct

5

Sentence Under 28 U.S.C. § 2255. Therein it concedes that the movant's prior felony conviction for illegal conveyance of drugs on to the grounds of a detention facility is not a qualifying controlled substance offense for career offender purposes. The government argues that the movant still qualifies as a career offender based on his 2003 conviction for trafficking cocaine and his 1998 conviction for "Robbery Without Specification," inasmuch as it qualifies as a crime of violence under USSG § 4B1.2.

At the time movant committed the offense of which he was convicted in this court (October 6, 2010) and at the time he was sentenced on September 12, 2011, a "crime of violence" was defined at USSG § 4B1.2[1], as follows:

- (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

    - (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or

    - (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

[1] The court notes that the definition in effect at the time the defendant was sentenced remained the same until it was changed effective August 1, 2016.

6

In 2010 and 2011, the enumerated list of covered offenses at Application Note 1 to USSG § 4B1.2 specifically included "robbery" as a crime of violence.

Movant was convicted of robbery under Ohio Revised Code § 2911.02. The statute in effect at the time of that conviction states in pertinent part as follows:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control;
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>
> (3) Use or threaten the immediate use of force against another.
>
> (B) Whoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.

This section of the Ohio statute requires as an element the use of physical force or the threat of physical force. Ohio R.C. § 2901.01(A)(1) provides as follows:

> "Force" means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing.

7

Within the body of the records from the Franklin County Ohio Clerk of Courts entitled "CRIMINAL CASE DETAIL," attached to the Second Supplemental Response of the United States In Opposition to Movant's Motion to Correct Sentence Under 28 U.S.C. § 2255, filed on January 17, 2017, it is specified that movant pled guilty on May 26, 1998, as follows:

      STATUTE CODE:     2911.02

      STATUTE DESC:     ROBBERY

      CHARGE CLASS:     F3

It is clear that movant's third degree robbery conviction under Ohio R.C. § 2911.02(A)(3) is one that falls within the definition of a violent felony under the guidelines pursuant to the force clause (§ 4B1.2(a)(1)) and as an enumerated offense in the accompanying Application Note 1.

In addition, movant's robbery conviction, committed by him when he was seventeen years of age, qualifies as an adult conviction for career offender purposes.

8

Application Note 1 to USSG § 4B1.2 (2010-11) "Definitions of Terms Used in Section 4B1.1" defines a "prior felony conviction" as follows:

> "Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.  A conviction for an offense committed at age eighteen or older is an adult conviction.  A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted (<u>e.g.</u>, a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult).

In movant's presentence report, which he stated on the record of the sentencing hearing was in all respects factually correct, the Ohio robbery conviction is designated as an adult criminal conviction committed by him when he was seventeen years of age.  As set forth in the government's Supplemental Response of the United States In Opposition to Movant's Motion to Correct Sentence Under 28 U.S.C. § 2255, filed on January 4, 2017, the Franklin County records, made a part of the record in its Second Supplemental Response referred to above, clearly establish that

9

although movant was initially charged in a juvenile complaint, he was subsequently transferred to adult status and indicted for the first degree felony offense of aggravated robbery with a firearm. Movant ultimately pled guilty as an adult to the lesser included offense of robbery without specification, a third degree felony offense.

### III.

Upon review of the court records filed as exhibits to the government's second supplemental response filed on January 17, 2017, the court finds that movant was convicted as an adult in 1998 of Robbery Without Specification in the Franklin County Court of Common Pleas.[2]

In its Supplemental Response and Second Supplemental Response, the United States asserts that the records obtained from the Franklin County Ohio Clerk of Courts establish that while movant was initially charged in a juvenile complaint, he was subsequently transferred to adult status and indicted for the first degree felony offense of aggravated robbery with a firearm. Those records consist of the entries set forth in the

---

[2]The court notes that in its order entered on December 19, 2016, directing the government to respond to this specific issue, the movant was invited to respond if he wished to do so. Movant did not file a response.

10

"CRIMINAL CASE DETAIL." An entry on December 15, 1997, is designated as "BINDOVER-JUVENILE COURT." The movant was indicted on January 29, 1998, and a separate entry on that same date sets forth the charge as Aggravated Robbery under Ohio R.C. § 2911.01, a first degree felony.

Under Ohio R.C. § 2152.02(AA) the term "transfer" is defined as follows:

> "Transfer" means the transfer for criminal prosecution of a case involving the alleged commission by a child[3] of an act that would be an offense if committed by an adult from the juvenile court to the appropriate court that has jurisdiction of the offense.

Ohio R.C. § 2152.12 governs the transfer of juvenile cases. Section 2152.12(A)(1)(b)(ii), provides as follows:

> (b) After a complaint has been filed alleging that a child is a delinquent child[4] by reason of committing a category two offense, the juvenile court at a hearing shall transfer the case if the child was sixteen or seventeen years of age at the time of the act charged and either of the following applies:
>
> * * *

---

[3] "Child" means a person who is under eighteen years of age. <u>See</u>, Ohio R.C. § 2152.02(C)(1).

[4] The definition of a "delinquent child" includes one who violates any law of Ohio or the United States that would be an offense if committed by an adult. Ohio R.C. § 2152.02(F)(1).

11

>（ii) Division (A)(2)(b) of Section 2152.10 of the Revised Code requires the mandatory transfer of the case, and there is probable cause to believe that the child committed the act charged.

Ohio R.C. § 2152.02(CC)(1) states in pertinent part as follows:

>(CC) "Category two offense" means any of the following:
>
>(1) A violation of section 2903.03, 2905.01, 2907.02, 2909.02, <u>2911.01</u>, or 2911.11 of the Revised Code (emphasis added);

\* \* \*

Ohio R.C. § 2152.10 sets forth the circumstances respecting mandatory and discretionary transfers. Section 2152.10(A)(2)(b) requires mandatory transfer when the following factors apply: (1) a child is charged with a category two offense (other than § 2905.01); (2) the child was sixteen years of age or older at the time of the commission of the act charged; and (3) the child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged. Once the transfer has taken place pursuant to Ohio

12

R.C. § 2152.12, adult status attaches and the individual is no longer deemed a child.  <u>See</u>, Ohio R. C. § 2152.02(C)(4).

The factors set forth above apply in this case. Movant's case was a "bindover" from juvenile court to the Franklin County Court of Common Pleas General Division ("Court of Common Pleas")[5] pursuant to a transfer for criminal prosecution.  The transfer was mandatory based on the following: (1) movant was charged with Aggravated Robbery, which is specifically designated under Ohio law to be a "Category two offense;" (2) movant was 17 years of age at the time of the commission of the offense as stated in his presentence report; and (3) movant's conduct involved a firearm, as evidenced on page 1 of the "CRIMINAL CASE DETAIL," which sets forth the charge of "AGGRAVATED ROBBERY," accompanied by the further description of "Specifications:  USE OF FIREARM, DISPLAYED OR BRANDISHING FIREARM."

---

[5]The general division of the court of common pleas has jurisdiction over a criminal prosecution involving a juvenile when prosecution of the case has been transferred pursuant to a proper bindover procedure.  <u>State of Ohio v. Wilson</u>, 73 Ohio St.3d 40 (1995).

13

After the mandatory transfer, movant was indicted for Aggravated Robbery. The case proceeded in the Court of Common Pleas through the conclusion of the case. On May 26, 1998, movant pled guilty to Robbery without Specification, a third degree felony, for which he received a sentence of one year on that same date. The offense to which he pled guilty is one punishable by imprisonment for as long as three years.[6]

Pursuant to the records before the court, and when viewed in conjunction with the applicable Ohio statutes, the court concludes that the movant was treated as an adult for purposes of prosecution and that his prior conviction for Robbery without Specification qualifies as a prior violent felony offense under the career offender guideline.

IV.

Based upon a <u>de novo</u> review, and having found the objections meritless, the court adopts the magistrate judge's PF&R in all respects, except insofar as it finds the movant's prior conveyance conviction to be a controlled substance offense

---

[6] Ohio R.C. § 2929.14(3)(b) states that a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty or thirty-six months.

14

as defined under USSG § 4B1.2(b) for career offender purposes. Nevertheless, the movant remains subject to career offender status by virtue of his 2003 conviction for trafficking cocaine and his 1998 conviction for robbery without specification.

With respect to movant's subsequent Johnson claim, his sentence was not enhanced based on the residual clause of the Armed Career Criminal Act. Consequently, Johnson is inapplicable. Although it is clear that movant's robbery conviction is one that falls within the definition of a violent felony under the applicable guidelines herein, Johnson does not apply to the United States Sentencing Guidelines. See, Beckles v. United States, 580 U.S. ____ (2017) (the advisory guidelines are not subject to vagueness challenges under the Due Process Clause).

The court, accordingly, ORDERS that the defendant's § 2255 motion be, and it hereby is, denied, and that this action be, and it hereby is, dismissed. While movant's argument with respect to Johnson is without merit for the reasons set forth above, the court is in any event without authority to grant movant's motion to file a second or successive motion under 28 U.S.C. § 2255.

15

**The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record and the United States Magistrate Judge.**

            **DATED: March 31, 2017**

            */s/ John T. Copenhaver*
            John T. Copenhaver, Jr.
            United States District Judge